In almost every cause there are many facts important to the issue known to both parties. In such cases it is believed that honest attorneys will not hesitate to admit such facts at the commencement of the trial, and thus save much valuable time and expense.

The rules of practice, and the rules of evidence, are designed to develop the truth as to matters in controversy between the parties, and when these rules are urged and their operation invoked to suppress the truth and strangle justice, it is like stealing " the livery of Heaven to serve the devil in."

---

## Edward W. Ladd *vs.* The Methodist Episcopal Church of East Saginaw.

It is no ground for the transfer of a cause, under section 3445 of the *Compiled Laws*, that the Judge of the Circuit Court has been consulted or employed as counsel in the cause, unless such consultation or employment took place before the statute took effect.

*Saginaw Circuit, June,* 1871·

This was a motion to set aside an order of the Circuit Court Commissioner of Saginaw County, transferring the above entitled cause from the Saginaw to the Wayne Circuit. The petition for that purpose was made by the plaintiff to the Commissioner, and as a cause of transfer set forth, " that Hon. John Moore, the Circuit Judge of said county, has been consulted and employed as counsel in the subject matter to be litigated in said cause, and has since assisted in the trial of said cause." The application for the transfer was claimed to be based upon section 3445 of the *Compiled Laws*.

*I. M. & H. P. Smith*, for Plaintiff.

*H. Joslin*, for Defendant.

*By the Court*, GRIER, J.—The statute upon which the order of the Commissioner was founded, is as follows : " Whenever any civil suit or proceeding shall be pending in any Circuit Court in this State, either on the law or equity side of said Court, in which the Judge of said Court *shall be* interested as a party, or as a member

of any corporation which is a party to said suit, or has heretofore been consulted or employed in the subject matter to be litigated in said suit, or in which he would be excluded from sitting as a juror, by reason of consanguinity or affiinity to any party to said suit, the s ame may be transferred to some other Circuit Court, in the manner provided by tnis act."

By the language of the act referred to the fact that the Judge of the Circuit has been consulted or employed as counsel, is not a cause for transfer, unless such consultation or employment had taken place before the act took effect. The words used are, " *has heretofore been* consulted or employed," &c., while as to the other causes of transfer named, the term " *shall be,*" is used, making a clear grammatical distinction between the different causes of transfer. It is not denied by plaintiff's counsel that this construction must prevail if the words are construed according to their exact grammatical sense ; but it is claimed that no reason exists for such a distinction, and that the same necessity exists for a transfer in one case as in the other.

It is a sufficient answer to this position to refer to a few well settled rules of statutory construction :

" It is a rule of universal application that effect must be given to the *words used* by the Legislature, if there be no uncertainty or ambiguity in their meaning." 4 *McLean*, 463.

" Where a law is plain and unambiguous, whether expressed in general or more limited terms, there is no room left for construction, and a resort to extrinsic circumstances is not permitted for the purpose of ascertaining the meaning, and in such cases the legislative will must be obeyed." 9 *Pet.*, 266 ; 2 *Cranch*, 358.

" Where legislative expressions are obscure, courts may give a reasonable interpretation to them, but they have no right to distort those which are clear and intelligible." 13 *Mass.*, 324.

The construction should be such " that if possible, no sentence, clause or word, shall be treated as superfluous, void or insignificant." 22 *Pick.*, 571 ; 2 *Mich.*, 138.

Now, to attain the result contended for by plaintiff, it would be necessary to strike out the words, has heretofore been," and insert in lieu thereof the words, " shall have been," or " shall be," a form which it is competent for the Legislature only to exercise. **For the**

Court to do so would be a clear arrogation of legislative power entirely contrary to the theory of our system of government, and inconsistent with the genius of our republican institutions. The legislative will having been expressed it must be obeyed. It is not for the Court to criticize the reasons of the Legislature, but to ascertain its will, and to give that will effect.

The motion to vacate the order of the Commissioner must be granted.