THE PEOPLE, RESPONDENTS, *v.* AH HO (A CHINESE WOMAN), APPELLANT.

HOUSES OF ILL-FAME—STATUTE RELATING TO.—The statute relating to houses of ill-fame in Boise city, approved January 12, 1877, delegates power to the common council of Boise city to make any ordinance on that subject; but does not directly create an offense.

BAWDY-HOUSE—RESIDING IN.—The residing in a bawdy-house is not an offense against any statute of the territory, nor is it an offense at common law.

APPEAL from the second judicial district, Ada county.

*Albert Heed,* for the appellant.

*F. E. Ensign,* district attorney, for the respondents.

PRICKETT, J., delivered the opinion, CLARK, J., concurring, HOLLISTER, C. J., dissenting.

The defendant was indicted at the March term of said court, 1877, for having, "on the thirteenth day of January, 1877, and at divers other days and times between that day and the finding of the indictment, in the county of Ada and territory of Idaho, and within the corporate limits of Boise city, to wit: on Idaho street in said city, willfully and unlawfully" resided in a bawdy-house then and there resorted to for purposes of prostitution, etc.

The defendant demurred to the indictment on the grounds: 1. That it does not substantially conform to the requirements of sections 233 and 234 of the criminal practice act; and 2. That the facts stated do not constitute a public offense. The demurrer being overruled, the defendant pleaded "not guilty," and was tried at that term of the district court; which trial resulted in a verdict of "guilty," after which the defendant moved in arrest of judgment; the motion was overruled and a judgment rendered upon the verdict, from which judgment the defendant appeals to this court.

The defendant assigns several errors, but we have only found it necessary to consider the objection to the indictment raised by the demurrer, viz.: "That the facts stated do not constitute a public offense."

To support this indictment we are referred to an act of

the ninth section of the legislature, approved January 12, 1877, entitled, "an act relating to houses of ill-fame in Boise city," the first section of which provides: "That the mayor and common council of Boise city, Ada county, Idaho territory, are hereby authorized and empowered to regulate, fix the location of, or abolish, all bawdy-houses, houses of ill-fame, or houses kept for purposes of prostitution situated or kept within the corporate limits of said Boise city."

Section 2 of the act is as follows: "That any person occupying, residing in, or keeping a bawdy-house, house of ill-fame, a house kept for the purposes of prostitution, within any part of the corporate limits of said Boise city, other than that prescribed by ordinance of the mayor and common council of said city, shall be guilty of a misdemeanor, and on conviction thereof shall be fined in any sum not less than one hundred dollars, or imprisoned in the county jail not less than six months, or by both such fine and imprisonment, together with costs of suit." Section 3 prescribes a rule of evidence in cases prosecuted under the act.

In the case of *The People* v. *Flora Buchanan*, heard and decided at this term, we have had occasion to construe this statute, the defendant in that case having been indicted under the same act for keeping a bawdy-house in Boise city. In that case it is decided, in effect, that the act of the legislature does not, itself, create any offense, but that it delegates the authority to the mayor and common council to create the offense therein named by ordinance.

It may be admitted that if section 2 of the act stood by itself, the views of the prosecution, that the statute created the offense, independent of any action of the corporate authorities of Boise city, would be reasonable; but in construing a statute or any section or portion of it, the whole must be considered; the different parts reflect light on each other; and, if possible, such a construction is to be made as will avoid any contradiction or inconsistency. So in Massachusetts it has been decided that in putting a construction upon any statute every part shall be regarded; and it shall be so expounded, if practicable, as to give some

effect to every part of it. (*Commonwealth* v. *Alger*, 7 Cush. 53.) So again, in Michigan it has been held a cardinal rule that in the construction of a statute, effect is to be given, if possible to every clause and section of it; and it is the duty of courts, as far as practicable, so to reconcile the different provisions as to make the whole act consistent and harmonious. (2 Mich. 138.)

If we give the construction contended for to section 2 of the act, then there is none to be given to that part of section 1, which authorizes the mayor and common council to abolish all bawdy-houses, etc., situated or kept within the limits of Boise city. It is hardly reasonable to infer that the legislature intended first to confer the authority upon the common council in section 1, and then to exercise the identical power thus delegated, by abolishing the nuisances themselves in section 2 of the same act. We think that a more sensible construction of these two sections will be to hold that section 1 is, in effect, an amendment of the city charter of Boise city, authorizing the mayor and common council to do the acts therein named, and that section 2 merely provides for the punishment of violations of such ordinances when the same shall have been passed. But it is claimed that the amount of fine which may be imposed under section 2 of the act is in excess of the jurisdiction of a justice of the peace acting as a city magistrate, and, therefore, that the jurisdiction must be in the district court to indict, and punish for violations of the law. Having decided that the offense is not created by the statute, it is sufficient to say that the district court has no original jurisdiction to indict for offenses against ordinances or by-laws of cities, but only for public offenses, which are those committed against public laws. The municipal court has exclusive original jurisdiction to try offenses against the city ordinances, and as the law under consideration provides that the fine shall not be less than one hundred dollars, and the jurisdiction of that court does not exceed that sum, the legislature has, in effect, imposed a fine of one hundred dollars for violations of the ordinance, when passed.

We are, furthermore, constrained to the foregoing con-

Points decided.

struction of the statute in question from the object evidently intended to be attained by the legislature. To remedy the evils of the common law by permitting the mayor and common council to create a new offense, that of living or residing in a bawdy-house, which is not recognized as an offense at common law; to advance the remedy by placing jurisdiction in the hands of a court always open, as well as to impose the burden of local government upon the municipality of Boise city, if it should see fit to accept and act under the delegated authority, were, no doubt, the motives which prompted the legislature in passing the statute.

The allegation made against the defendant in the indictment in this case, that of living in a bawdy-house, not constituting an offense at common law, and there being no public statute of this territory prohibiting it, the indictment does not contain facts sufficient to constitute a public offense, nor to support a judgment.

The judgment of the district court is, therefore, reversed.