WILLIAM EDWARDS, PLAINTIFF IN ERROR, v. MORAUD SCHUTT, DEFENDANT IN ERROR.

Appeal: ACTIONS OF REPLEVIN IN JUSTICE'S COURT. In an action of replevin to recover possession of specific property, commenced before a justice of the peace, and tried by a jury, an appeal may be taken from the judgment of the justice of the peace to the district court, without regard to the amount in controversy.

ERROR to the district court for Douglas county. Tried below before SAVAGE J.

*Stull & Burnham*, for plaintiff in error, cited *Rollston v. Osenbaugh*, 2 W. L. M., 138. *Martin v. Armstrong*, 12 Ohio State, 548.

GANTT, CH. J.

The plaintiff in error took an appeal to the district court from a judgment rendered against him in favor of defendant in error, by a justice of the peace, upon the verdict of a jury, in an action brought to recover possession of specific property. On motion of defendant, the district court dismissed the appeal, on the ground that the amount in controversy was less than twenty dollars. Hence, the only question now raised in the case is, whether an action in replevin before a justice of the peace comes within the purview of section 985 of the civil code, which provides that "if neither party de-

mands a greater sum than twenty dollars, and the case is tried by a jury, there shall be no appeal." In replevin, it is said that "the property in the thing, and not damages for its detention, is the real matter in dispute. The affidavit of property in, and the right to possession of, the article, and its wrongful detention by the defendant, takes the place of a bill of particulars." It is alone upon the affidavit that process can issue, and upon it and the defense of the defendant to it, the case must be heard and determined. The statute requires no statement of value of the property to be set forth in the affidavit, nor any amount of damages caused by the detention of the property. The defendant cannot set up in defense any demand by way of counter claim or set-off. The main fact in issue is not a sum of money demanded, less or greater than twenty dollars, but it is *the right of property* in the thing in dispute. It is, therefore, difficult to discover upon what principle of construction section 985 can apply to an action for the recovery of specific property. In respect to appeals in actions of replevin there seems to be no special provision in the statutes; but section 1,006 provides generally that "in *all* cases not otherwise specially provided for by law, either party may appeal from the final judgment of a justice of the peace to the district court of the county where the judgment was rendered." And section 1,017 provides that: "Appeals in the following cases shall not be allowed: *First.* On judgments rendered on confession. *Second.* In jury trials, where neither party claims in his *bill of particulars a sum* exceeding twenty dollars. *Third.* In actions for the forcible entry and detention, or forcible detention only, of real property. *Fourth.* In trials of the right of property, under the statutes, either levied upon by execution or attachment." These provisions were taken from the statutory laws of Ohio, and the supreme court of that state, in defining the right of ap-

peal in actions commenced to recover possession of specific property, in *Martin v. Armstrong*, 12 Ohio St., 551, say, that " the last two subdivisions indicate very clearly the purpose and scope of the second. The suits to which they refer are all proceedings *in rem*—suits to recover the possession of specific real or personal estate. In such actions the plaintiff does not file a bill of particulars, claiming a specific sum of money, and the defendant is not permitted to set up either a counter claim or set-off. If the second subdivision was intended to prohibit appeals in *all* jury trials where there is not a bill of particulars claiming a sum exceeding twenty dollars, there was no necessity for enacting either of the last two subdivisions. The established rules of construction require courts to give effect, if practicable, to every part of a statute, and it is therefore our duty to construe the second division as not to render the third and fourth altogether useless and unmeaning." 7 Cush., 89 ; 2 Mich., 138. This can only be done by applying section 985 to actions before a justice of the peace to recover a sum of money, demanded in a *bill of particulars*, and not to actions brought to recover the possession of specific real and personal property. In *Martin v. Armstrong*, the question is very fully discussed, and we think the construction given to these statutory provisions, in that case, is the correct interpretation of the law, and the only one which will harmonize and give effect to each of these several provisions of the statute.

The appeal having been properly taken, the final order of the district court dismissing it must be reversed, and the cause be remanded with instructions to reinstate the appeal of plaintiff in error, and to proceed in the case according to law.

JUDGMENT ACCORDINGLY.