THE PEOPLE v. JOSE R. DE LA GUERRA.

INDICTMENT FOR HAVING FALSE LICENSES.—An indictment which charges a Tax Collector with having in his possession, with intent to circulate, and with actually putting in circulation and issuing, licenses other than those authorized by law to be issued, does not charge two offenses.

APPEAL from the County Court, County of Santa Barbara.

The facts are stated in the opinion of the Court.

*J. G. McCullough*, Attorney-General, for the People. To have in possession, to circulate, and to issue, are but one offense, while each may be also an offense. (*People* v. *Frank*, 28 Cal. 513; *People* v. *King*, 27 Cal. 510.)

By the Court, CURREY, C. J.:

The defendant, who on the 25th of January, 1866, was the Sheriff and Tax Collector of Santa Barbara County, was indicted at the June term, in said year, of the County Court of said county, for the commission of an offense declared to be a felony by the eighty-ninth section of an Act entitled "An Act to provide revenue for the support of the government of this State," passed in May, 1861. (Laws 1861, p. 419.) That portion of the eighty-ninth section of the Act under which the defendant was chàrged by the indictment with having committed a felony, reads as follows: "If either the Treasurer, Auditor, Tax Collector, or any other person shall issue, have in his possession with intent to circulate, or put in circulation, any other licenses than those forwarded to the Treasurer by the Controller or the Auditor of any county of this State, the person so offending shall be guilty of felony, and on conviction shall be sentenced to imprisonment in the State Prison for a term not less than one year nor more than four years." (Laws 1861, p. 447.)

By the indictment it is charged that the defendant on the 25th of January, 1866, "had in his possession with intent to circulate, and did actually put in circulation and issue to one J. B. N. Areola a certain paper writing, purporting and being understood to operate as a license to retail liquors from the said 25th day of January, 1866, to the 25th day of April, 1866, and did actually receive the sum of sixteen dollars gold and silver coin of the United States therefor;" and then it is alleged that said paper writing was not a license authorized by law to be issued by the defendant as Tax Collector of said county.

The defendant demurred to the indictment on several grounds, one of which was that more than one offense was charged in the indictment. For the cause here stated, the Court sustained the demurrer and gave judgment for the defendant, from which the people have appealed.

We are of opinion the judgment cannot be sustained. The

objection to the indictment, that it charges more than one· offense is answered fully in the cases of *People* v. *Shotwell*, 27 Cal. 400, and *People* v. *Frank*, 28 Cal. 513.

Judgment reversed and cause remanded, with directions to the Court below to permit the defendant to plead to the indictment.

Neither Mr. Justice RHODES nor Mr. Justice SHAFTER expressed any opinion.