53  647
d113 180

[No. 10,435.]

## THE PEOPLE v. COOPER.

FALSE STATEMENT BY OFFICER OF CORPORATION.—Sec. 566 of the Penal Code, as amended in 1876, defines two or more offenses—one being a concurrence by an officer of a corporation in making a statement which is false, and the other being a concurrence in the publication of such statement.

SAME—INDICTMENT CHARGING MORE THAN ONE OFFENSE. — The indictment having charged the defendant with the commission of both of these offenses, the demurrer, on the ground that more than one offense is charged in the indictment, should have been sustained.

APPEAL from the County Court of Santa Cruz County.

The defendant was indicted, as stated in the opinion, and demurred to the indictment. The demurrer was overruled, and he was tried and convicted. Judgment having been rendered against him, he appealed. The other facts are stated in the opinion.

*F. J. McCann* and *F. Adams*, for Appellant.

*Attorney-General Hamilton*, for Respondents.

By the COURT:

The defendant was indicted under the provisions of sec. 564 of the Penal Code, as amended in 1876. The section is as follows: ."Every director, officer, or agent of any corporation or joint-stock association, who knowingly concurs in making, publishing, or posting any written report, exhibit, or statement of its affairs or pecuniary condition, or book or notice containing any material statement which is false, or refuses to make any book or post any notice required by law, other than such as are mentioned in this chapter, is guilty of a felony."

It is alleged in the indictment that on the 15th day of January, 1878, the defendant was the cashier and secretary of the Santa Cruz Bank of Savings and Loan; that as such cashier and secretary he, together with the president of the corporation, "did execute, sign, and verify by their oaths a certain sworn statement"—setting out the statement that on the seventeenth day of the same month they filed the statement in the County Clerk's office; and that on the twenty-fifth day of the same month they published the statement in a newspaper. The defendant demurred to the indictment on several of the statutory grounds, and among others, that more than one offense is charged in the indictment.

It will be noted that the section of the Code above cited defines several distinct offenses. It is provided that an officer of a corporation who knowingly concurs in making any statement of the affairs or pecuniary condition of the corporation, containing any material statement which is false, " other than such as are mentioned in this chapter," is guilty of a felony; and it

is also provided that an officer of the corporation who knowingly concurs in publishing such statement is guilty of felony. The making and the publishing of the statement are distinct acts, and an officer might " concur " in the one and take no part in the other. The making and the publishing of the statement are charged in the indictment as two distinct acts, which it is alleged were performed at different times, and each of these acts is declared to be a felony. Without noticing the other points presented by the defendant, it is sufficient to say that the demurrer to the indictment should have been sustained on the ground that it charged more than one offense:

Judgment and order reversed and cause remanded, with directions to sustain the demurrer to the indictment.

Remittitur forthwith.