[No. 10,734.—In Bank.]
July 3, 1882.

## THE PEOPLE *v.* S. W. DE COURSEY.

INFORMATION CHARGING TWO OFFENSES—LARCENY—EMBEZZLEMENT.—The defendant was charged in one count of the information with larceny and in another count with embezzlement of the same property, and, a demurrer to the information having been overruled, was found guilty upon both counts. *Held:* The information in this case charges two separate and distinct crimes, one of which could have been made out by evidence insufficient to sustain the other. The Court should have sustained the demurrer to the information.

APPEAL from a judgment and from an order denying a motion in arrest of judgment in the Superior Court of the County of San Diego. McNEALY, J.

*Chase, Arnold & Hunsaker*, for Appellant.

No brief on file for Respondent.

MORRISON, C. J.:

An information was filed by the District Attorney of San Diego County against the defendant, charging him, in the first count, with the *larceny* of one horse of the value of one hundred dollars, and one buggy of the value of one hundred and fifty dollars.

The second count charges him with the *embezzlement* of

one horse, a buggy and harness, of the value of two hundred and fifty dollars. The defendant demurred to the information on the ground that the same charged two offenses, grand larceny and embezzlement. The demurrer was overruled, and the defendant having pleaded not guilty, a trial was had, and a verdict rendered by the jury, finding the defendant "guilty of grand larceny as charged in the first count of the information, and also guilty of embezzlement as charged in the second count of the information."

In Section 484, Chapter V, of the Penal Code, it is provided that: "Larceny is the felonious stealing, taking, carrying, leading, or driving away the personal property of another." And by Section 489 of the same Code it is declared that: Grand larceny is punishable by imprisonment in the State Prison for not "less than one, nor more than ten years." Embezzlement is defined in Section 503, Chapter VI, of the Penal Code, as follows: "Embezzlement is the fraudulent appropriation of property by a person to whom it has been intrusted." And by Section 514 of the same Code the same punishment is affixed to this crime as that affixed to grand larceny.

By Section 95 of the Code it is provided that: "The indictment must charge but one offense," and it is claimed, on behalf of the defendant, that the information in this case charges two offenses. If it does, the demurrer should have been sustained. (*People* v. *Cooper,* 53 Cal. 647.) In the case of *The People* v. *Garnett,* 29 Cal. 622, the Court held that an indictment was bad on demurrer, which charged two offenses, to wit, burglary and grand larceny.

It is very clear that the information in this case charges two separate and distinct crimes (and, in fact, defendant was convicted of both), one of which could have been made out by evidence insufficient to sustain the other. In the case of grand larceny, the taking must be with a felonious intent, but in the other—embezzlement—the original taking is lawful, and the crime consists in the fraudulent appropriation of property by a person to whom it has been intrusted. In the latter crime, the possession in the first instance is lawful, and evidence sufficient to make out a case of embezzlement would be wholly sufficient to sustain the charge of grand larceny.

It matters not that the punishment affixed by the law to

both crimes is the same, the two crimes are in their nature essentially different and are dependent upon different facts. (*Commonwealth* v. *Simpson,* 9 Metcalf, 138; *Fulton* v. *The State,* 13 Arkansas, 168; *People* v. *Belden,* 37 Cal. 51.) But in this case the defendant was actually convicted of *two offenses,* and is therefore liable to a double punishment if the judgment is permitted to stand. The Court should have sustained the demurrer to the information.

Judgment and order are reversed and the cause remanded with instructions to the Superior Court to sustain the demurrer to the information.

Ross, McKinstry, Sharpstein, Thornton, Myrick, and McKee, JJ., concurred.