[No. 20638.   Department One. — June 16, 1890.]

# THE PEOPLE, APPELLANT, v. M. C. HARROLD, RESPONDENT.

CRIMINAL LAW — FORGERY — INDICTMENT — ALLEGATION OF SERIES OF ACTS. — An allegation in an indictment for forgery, in a single count, of a series of acts named in the statute, either of which would constitute the crime of forgery, is not the allegation of two offenses, because all constitute but the single crime, under section 470 of the Penal Code.

ID. — FORGERY OF ASSIGNMENT OF LETTERS PATENT — OFFERING SAME FOR RECORD — SURPLUSAGE IN INDICTMENT. — When the alleged forged instrument purports to be an assignment of an interest in certain letters patent for an invention, an allegation that the defendant offered said instrument for record at the office of the county recorder, and caused the same to be recorded as a record in said office, does not charge a separate offense, under section 115 of the Penal Code, which only relates to the record of forged instruments, which, if genuine, might be filed, registered, or recorded under the law of this state; and such allegation must be disregarded as surplusage.

ID. — SUFFICIENCY OF INDICTMENT. — An indictment is sufficient when its material portions are in the language of the statute.

REGISTRY ACT — RECORD OF LETTERS PATENT — CONSTRUCTION OF CODE. — Section 1160 of the Civil Code relates only to the recording of letters patent affecting real property, and an assignment of letters patent for an invention is not entitled to record under the law of this state.

APPEAL from a judgment of the Superior Court of San Diego County.

The defendant was indicted for forgery. The state appeals from the judgment sustaining the demurrer. The indictment is as follows: —

"M. Carey Harrold is accused by the grand jury of the county of San Diego, by this indictment, of the crime of forgery, committed as follows: The said M. Carey Harrold, on the first day of May, A. D. 1888, at the said county of San Diego, did, with intent to defraud one W. T. Cottier, falsely make, alter, forge, and counterfeit a certain bill of sale and writing obligatory, said instrument being in the following words and figures, to wit: —

84   567
93   643
84   567
96   179
84   567
108   443
84   567
111   252
84   567
113   179
84   567
119   160
84   567
139   70

"No. 504.　The Cottier Ventilation.

"SAN BUENAVENTURA, CAL., Feb. 13, 1888.

"For and in consideration of the sum of six thousand dollars, the receipt whereof is hereby acknowledged, I do hereby sell and assign to Mrs. Carey Harrold, of Fort Worth, Texas, Cottier system of ventilation, as secured by letters patent of the United States, Nos. 171,926, 243,760, 281,027, all my right, title, and interest in and to my undivided one-half interest in the Cottier patent, all rights, titles, benefits, or privileges, and do bind myself to warrant and defend the same.

"W. T. COTTIER.

"Witnesses:—

" EMILY COTTIER.
" MAMIE COTTIER.
"ELLA HARDING.

"That thereafter, to wit, on the second day of August, 1888, said M. Carey Harrold, well knowing that the said instrument was false, altered, forged, and counterfeited, and with the intent to defraud some person unknown to this grand jury, did, at the county and state aforesaid, utter, publish, and pass as true and genuine the instrument aforesaid, by offering the said instrument for record, at the office of the county recorder of the county and state aforesaid, and then and there causing the same to be recorded as a record in said office, contrary to the form, force, and effect of the statute in such case made and provided, and against the peace and dignity of the people of the state of California."

The court sustained the demurrer, on the ground that the indictment states two offenses.

*Attorney-General Johnson*, for Appellant.

*J. M. Lucas*, and *W. R. Guy*, for Respondent.

Fox, J.—In *People* v. *Frank*, 28 Cal. 513, it was held that "where a statute enumerates a series of acts, either

of which separately, or all together, may constitute the offense, all of such acts may be charged in a single count, for the reason that, notwithstanding each act may, by itself, constitute the offense, all of them together do no more, and likewise constitute but one and the same offense." To the same effect is *People* v. *De la Guerra,* 31 Cal. 459, and *People* v. *Tyler,* 35 Cal. 553.

It follows that the allegation in this indictment of each one of the series of acts named in the statute, either one of which would constitute the crime of forgery, is not the allegation of two offenses, because all constitute but the single crime, under section 470 of the Penal Code.

But the court below probably held that the indictment charged two offenses, because, in the latter part thereof, the pleader charges the defendant with having offered "the said instrument for record at the office of the county recorder of the county and state aforesaid, and then and there causing the same to be recorded as a record in said office."

The instrument purports to be an assignment of an interest in certain letters patent for an invention. There is no law authorizing the recording of such an instrument in the office of the county recorder, or making it a public record when so recorded. Section 1160 of the Civil Code, cited by respondent, has no application. It relates only to the recording of letters patent affecting the title or possession of real property. Section 115 of the Penal Code, which makes it a felony to procure to be recorded a false or forged instrument, makes it so only when the instrument, if genuine, might be filed, registered, or recorded under the law of the state. As this instrument, if genuine, would not be entitled to be recorded under the law of the state, it was not a felony to offer it for record, or to cause or procure it to be recorded, and it leaves but the one offense charged by the

indictment,—that of forgery. All the matter about recording is mere surplusage, and may be disregarded.

The material portions of this indictment are in the language of the statute, and are sufficient. (*People* v. *Lewis*, 61 Cal. 366; *People* v. *Henry*, 77 Cal. 445; *People* v. *Rogers*, 80 Cal. 209; *People* v. *Keeley*, 80 Cal. 212.)

Judgment reversed, and case remanded, with instructions to overrule the demurrer.

PATERSON, J., and WORKS, J., concurred.