[Crim. No. 98.   Department Two.—June 5, 1896.]

THE PEOPLE, APPELLANT, v. N. GUSTI, RESPONDENT.

CRIMINAL LAW— FURNISHING LIQUOR TO INDIAN — DEMURRER TO INFORMATION—DUPLICITY.—An information under section 397 of the Penal Code, charging that the defendant did, on a specified date, "furnish and cause to be furnished intoxicating liquor" to an Indian named, is not demurrable on the ground that it charges two offenses.

ID.—PLEADING — SINGLE COUNT—SERIES OF ACTS CONSTITUTING SINGLE OFFENSE.—When a statute enunciates a series of acts, either of which separately or all together may constitute the offense, all of such acts may be charged in a single count, for the reason that notwithstanding each act may by itself constitute the offense, all of them together do no more, and likewise constitute but one and the same offense.

APPEAL from a judgment of the Superior Court of Sonoma County.   R. F. CRAWFORD, Judge.

The facts are stated in the opinion.

W. F. Fitzgerald, Attorney-General, and Emmet Scannell, District Attorney, for appellant.

Where a statute enumerates a series of acts, either of which separately or all together may constitute the offense, all of such acts may be charged in a single count, for the reason that notwithstanding each act may, by itself, constitute the offense, all of them together do no more, and likewise constitute one and the same offense. (People v. Gossett, 93 Cal. 641; People v. Harrold, 84 Cal. 567; Ex parte McCarthy, 72 Cal. 384; People

v. *Sheldon*, 68 Cal. 434; *People* v. *De la Guerra*, 31 Cal. 459; *People* v. *Frank*, 28 Cal. 507; *People* v. *Shotwell*, 27 Cal. 394; Wharton's Criminal Pleading and Practice, 9th ed., 158, 175, 176.) Causing liquor to be furnished to an Indian is furnishing it within the meaning of the code. (Pen. Code, sec. 31.)

*Burnett & Leppo*, for Respondent.

Furnishing liquor to an Indian, and causing liquor to be furnished to an Indian, are not acts connected with the same transaction, but they are different transactions. And they are not two phases of the same offense, but they are two distinct offenses, requiring different evidence to sustain them. (*People* v. *Cooper*, 53 Cal. 648.) An information or indictment must charge but one offense. (Pen. Code, sec. 954.)

BELCHER, C.— Section 397 of the Penal Code, as amended in 1893, provides: " Every person . . . . who sells or furnishes, or causes to be sold or furnished, intoxicating liquors to any Indian, is guilty of a felony."

An information was filed against the defendant, which charged as follows: " The said N. Gusti, on the twentieth day of April, A. D. 1895, at and in the county of Sonoma, state of California, did willfully, unlawfully, and feloniously furnish, and cause to be furnished, intoxicating liquor, to wit, wine, to an Indian, to wit, Molinda Dugan, contrary to the form, force, and effect of the statute," etc.

A demurrer to the information was interposed upon the ground that it charged two offenses, to wit: " The offense of furnishing intoxicating liquor to an Indian, and the offense of causing to be furnished intoxicating liquor to an Indian."

The court below sustained the demurrer, and ordered the district attorney to file a new information. This he declined and failed to do for more than thirty days, and thereupon the court ordered that the defendant be discharged, and his bail exonerated.

From the judgment on the demurrer and the order discharging defendant the people appeal.

Of course, an indictment or information must charge but one offense (Pen. Code, sec. 954), and if it charges more than one, it is subject to demurrer upon that ground. The question then is, Did the information here charge two offenses? We do not think it did. It is a well-settled rule of law that " when a statute enunciates a series of acts, either of which separately or all together may constitute the offense, all of such acts may be charged in a single count, for the reason that notwithstanding each act may, by itself, constitute the offense, all of them together do no more, and likewise constitute but one and the same offense." (*People* v. *Gossett*, 93 Cal. 641; *People* v. *Harrold*, 84 Cal. 567; *People* v. *Frank*, 28 Cal. 507; *People* v. *Shotwell*, 27 Cal. 394.)

If the defendant furnished the intoxicating liquor he caused it to be furnished; and if he caused it to be furnished, he, in legal effect, furnished it himself, and was criminally responsible for the act. (Pen Code, sec. 31.)

Mr. Wharton, in his work on Criminal Pleading and Practice, ninth edition, section 228, states the law as follows: "Though the language of the statute be disjunctive, *e. g.,* burned, *or* caused to be burned, and the indictment charge the offense in the conjunctive, *e. g.,* burned, *and* caused to be burned, the allegation, as has been noticed, is sufficient. The same rule applies where the intent is averred disjunctively. In either case the superfluous term may be rejected as surplusage. And it has been held that when the words of the statute are synonymous it may not be error to charge them alternatively."

Again, in section 251 of the same work the author says: "When a statute, as has already been observed, makes two or more distinct acts connected with the same transaction indictable, each one of which may be considered as representing a phase in the same offense, it has in many cases been ruled they may be coupled in

one count. Thus, setting up a gaming-table, it has been said, may be a distinct offense; keeping a gaming-table, and inducing others to bet upon it, may constitute a distinct offense; for either, unconnected with the other, an indictment will lie; yet when both are perpetrated by the same person at the same time, they may be coupled in the same count." So it is admissible to charge "several statutory phases of making, forging, and counterfeiting, of causing, and procuring to be falsely made, forged, and counterfeited, and of willingly aiding and assisting in the said false making, forging, and counterfeiting. It is admissible, also, to charge that the defendant 'administered, and caused to be administered,' poison," etc. (And see cases cited.) The above authorities are, in our opinion, decisive of the question in hand. Respondent cites and relies upon the case of *People* v. *Cooper*, 53 Cal. 647. In that case the indictment charged "that on the fifteenth day of January, 1878, the defendant was the cashier and secretary of the Santa Cruz Bank of Savings and Loan; that as such cashier and secretary, he, together with the president of the corporation, 'did execute, sign, and verify by their oaths, a certain sworn statement"—setting out the statement—and " that on the twenty-fifth day of the same month they published the statement in a newspaper." The court said: "The making and the publishing of the statement are charged in the indictment as two distinct acts, which it is alleged were performed at different times, and each of these acts is declared to be a felony."

Under these circumstances the court very properly held that the indictment charged two offenses, and was obnoxious to a demurrer upon that ground.

That case is not in point here. The defendant in the case at bar is not charged with furnishing liquor to an Indian at one time and with causing it to be furnished at another time. So far as appears, it was one transaction, and all performed at the same time.

The judgment and order appealed from should be re-

versed, and the cause remanded, with directions to the court below to overrule the demurrer.

BRITT, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed, and the cause remanded with directions to the court below to overrule the demurrer.

TEMPLE, J., McFARLAND, J., HENSHAW, J.