[Crim. No. 1784. In Bank.—September 30, 1913.]

THE PEOPLE, Appellant, v. JOHN PLATH, Respondent.

CRIMINAL LAW—GAMBLING BY POOL-SELLING, ETC.—SECTION 337A OF PENAL CODE CREATES DISTINCT OFFENSES.—Section 337a of the Penal Code, as amended in 1911, relating to gambling by pool-selling, bookmaking, bets, and wagers, and providing for the punishment of any person who does any act specified in any of six separate and distinct subdivisions, which are numbered from "1" to "6" both inclusive and connected by the disjunctive "or," each subdivision being complete in itself, creates offenses that are distinct and independent of each other.

ID.—IMPROPER JOINDER OF DISTINCT OFFENSES—DEMURRER TO INDICTMENT.—An indictment that charges the defendant in the conjunctive, and in the language of the statute, with a violation of each and all of the subdivisions of that section is subject to demurrer for nonconformity to the provisions of sections 950, 951, and 952 of the Penal Code, and for improperly charging more than one offense.

ID.—REASONABLE CERTAINTY OF NATURE OF CRIME CHARGED.—While many offenses may now be charged in the strict language of the statute, a defendant is still entitled to be apprised with reasonable certainty of the nature and particulars of the crime charged against him, that he may prepare his defense, and upon acquittal or conviction, plead his jeopardy against further prosecution.

ID.—OFFENSES NOT RELATING TO SAME ACT, TRANSACTION, OR EVENT.—
An indictment so drawn includes many offenses and does not show
that they all relate to the same act, transaction, or event, and may
therefore be joined in one indictment or information, as authorized
by section 954 of the Penal Code.

ID.—JOINDER OF OFFENSES RELATING TO SAME ACT, TRANSACTION, OR
EVENT—PLEADING.—Where it is sought to charge in one indictment
or information different offenses all relating to the same act, trans-
action, or event, as is now permitted by section 954 of the Penal
Code, the pleading, in order that it may not be demurrable under
subdivision 3 of section 1004 of that code, should fairly show on
its face that the offenses so charged do all relate to the same act,
transaction, or event. The different offenses so charged should be
stated, as expressly required by section 954, under separate counts.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. George H. Cabaniss,
Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and John H. Riordan, Dep-
uty Attorney-General, for Appellant.

Harry E. Michael, Herbert Choynski, and James Raleigh
Kelly, for Respondent.

ANGELLOTTI, J.—The defendant was charged by indict-
ment presented July 25, 1912, with violating each and all of
the numerous provisions of section 337a of the Penal Code.
He interposed a demurrer on the grounds, substantially:
1. That the indictment does not conform to the provisions of
sections 950, 951, and 952 of the Penal Code; and, 2. That
more than one offense is improperly charged therein. The
demurrer was treated in the lower court as sufficiently pre-
senting the objections stated, and in view of the action of the
trial court should so be regarded here. The trial court sus-
tained the demurrer, and the district attorney having declined
to amend, judgment of dismissal was given. This is an
appeal by the people from such judgment.

Section 337a, relating to gambling by pool-selling, book-
making, bets, and wagers, substantially declares that any per-
son who does any act specified in any of six separate and

distinct subdivisions, which are numbered from "1" to "6" both inclusive, and connected by the disjunctive "or," each subdivision being complete in itself (subdivision 1 being "who engages in pool-selling or bookmaking, with or without writing, at any time or place"), "is punishable by imprisonment in the county jail or state prison for a period of not less than thirty days and not exceeding one year." No name is given to any or all of the crimes thus defined. While all of the prohibited acts relate in some way to the matter of pool-selling, bookmaking, bets, and wagers, the section was held in *Ex parte Roberts,* 157 Cal. 472, [108 Pac. 315] to create many distinct offenses. It was said therein that "the several offenses therein described are apparently as distinct and independent of each other as if they had been enacted in separate sections. This is even more apparent of the section as amended in 1911, subsequent to the Roberts decision, the same being now divided, as already noted, into subdivisions numbered from "1" to "6," inclusive, each connected with the one immediately following by the disjunctive "or." Subdivision 1 covers engaging in pool-selling or bookmaking; subdivision 2 covers the keeping or occupying for any period of time any place, with books, papers, or apparatus "for the purpose of" recording or registering any bet or wager, or of selling pools on any trial or contest of skill, speed, or power of endurance of man or beast, or the result of any lot, chance, casualty, unknown or contingent event whatsoever; subdivision 3 covers the receiving, holding, or forwarding any money, etc., staked, pledged, bet, or wagered for any such purpose; subdivision 4 covers the recording or registering of any such bet or wager; subdivision 5 covers the case of one who, being the owner, lessee, or occupant of any place, permits the same to be used for any of the aforesaid purposes; and subdivision 6 covers the case of any one who "lays, makes, offers or accepts any bet or bets, or wager or wagers, upon the result, or purported result, of any trial, or purported trial, or contest, or purported contest, of skill, speed or power of endurance of man or beast, or between men, beasts, or mechanical apparatus."

The indictment before us charged defendant in the conjunctive and in the language of the statute with having "on or about the first day of July," 1912, at the city and county

of San Francisco, violated each and all of these subdivisions. It was substantially charged that he engaged in pool-selling and bookmaking, *and* that he kept and occupied a certain designated room, with books, etc., for the purpose of recording and registering bets, etc., *and* that he received, held, and forwarded money staked, pledged, bet, and wagered, *and* that he registered a bet and wager, *and* that being the occupant of the room previously designated, he permitted it to be used and occupied for the purpose of receiving money staked, pledged, or wagered, *and* that he did "lay, make, offer and accept a bet and wager" upon the result and purported result of a trial and purported trial, contest, and purported contest of skill, speed, and power of endurance between beasts, to wit, horses.

As the indictment is drawn, there is no necessary connection between any of the matters so separately charged, and under well settled rules it would only be necessary for the prosecution to prove, in order to obtain a conviction, that at some time prior to the finding of the indictment, the defendant did any one of the things he was alleged to have done. For instance, it would be sufficient to show that at some time prior to the presentation of the indictment, somewhere in the city and county of San Francisco, he had either made or accepted a single bet upon the result of a horse race; *or,* that, at some time prior to said date, being an occupant of the place known as No. 53 Third Street in said city and county, he had willfully permitted the same to be used for receiving money bet and wagered upon the result of a horse race; *or* that at some time prior to that date, at any place in San Francisco, he had engaged in pool-selling and bookmaking; *or* that, at any time prior to said date, he had occupied the premises known as No. 53 Third Street, with books, etc., for the purpose of recording and registering bets, etc.; and so on.

The district court of appeal in deciding this case said that this "blanket form of pleading" is "not to be commended," but was of the opinion that it was not "fatally defective." Of course the indictment was not fatally defective in the sense that it would be held insufficient to sustain a conviction in the absence of timely objection by demurrer; and it may be that even in the face of the objections urged, if the demurrer had been overruled and a trial had, resulting in a conviction,

the record on appeal might be such as to satisfy us that the defendant was not prejudiced by the course followed. As to.this, we express no opinion, for the question is not before us. The question here is whether the trial court's action in sustaining the demurrer before trial should be overruled.

We are of the opinion that the situation in this case is not one where it may fairly be held that we have a statute enumerating "a series of acts either of which separately or all together constitute *the* offense." If our conclusion in this regard be correct, the rule that "all the said acts may be charged in a single count, for the reason that notwithstanding each act may, by itself, constitute the offense, all of them together do no more, and likewise constitute the one and the same offense" is, of course, not applicable. We have here a statute, as was said in *Ex parte Roberts,* 157 Cal. 472, [108 Pac. 315], where "the several offenses therein described are apparently as distinct and independent of each other as if they had been enacted in separate sections." Aside from the fact that they all relate to pool-selling or bookmaking, or to bets or wagers, and that the punishment prescribed is the same for each offense, there is no necessary connection between them. Take, for instance, subdivisions 1 and 6 of the section. There is, of course, a plain distinction between "pool-selling or bookmaking," and the ordinary bet or wager between two individuals upon the result, say, of a horse race or a baseball game. Subdivision 1 makes the engaging in pool-selling or bookmaking a crime, and subdivision 6 apparently makes the ordinary bet or wager above referred to a crime. Obviously these are different and distinct offenses. It is clear, too, in view of this, that the section is not confined exclusively, as claimed by appellant, to "gambling by pool-selling or bookmaking," or was intended to include only the activities embraced in that occupation. Subdivision 5, as has been noted, covers the case of an owner, lessee, or occupant of any place who simply permits such place to be used or occupied for certain uses designated in certain preceding subdivisions, and makes such act on his part a crime. This subdivision, of course, was intended to cover simply the case of one who permits *another* to use a place of which he is the owner, lessee, or occupant, for any of such prohibited purposes, and defines an offense entirely different from and in no way included in

that covered by any of the other subdivisions. We think it is plain that the section was not designed to state a series of acts all of which taken together should constitute but a single offense, but that it was intended thereby to define at least six ·separate and distinct offenses, and that the situation is precisely the same as it would have been had the subdivisions been enacted as separate sections of our Penal Code, or independent statutes, instead of as subdivisions of a single section, connected with each other by the disjunctive "or," Here, as we have seen, defendant was charged in a single indictment, and, indeed, in a single count, with having committed the offenses defined in subdivisions 1, 5, and 6, as well as those defined in each of the other subdivisions.

The rule contended for by appellants could reasonably be invoked as to certain matters contained in a single subdivision, as, for instance, it might be properly charged in a single count in one indictment or information under subdivision 4 that the defendant "recorded and registered a bet," etc., or, under subdivision 3, that he "received, held and forwarded" money, etc., and so on. But we do not think it can fairly be held to be applicable to such a situation as we have here, or that the authorities relied on, when carefully considered, sustain the claim of appellant. The vagrancy statute (Pen. Code, sec. 647), which is relied on by appellant in this connection, does undertake to define a particular offense, to wit: "Vagrancy," declaring in eleven different subdivisions what acts shall constitute one a "vagrant," and render him liable to the penalty therein prescribed. Even under this statute it has never been held, so far as we can find, that a complaint charging a defendant with each and all of the acts specified in the eleven subdivisions would not be subject to demurrer for failure to comply with the provisions of sections 950, 951, and 952 of the Penal Code. (See in this connection *People* v. *Lee,* 107 Cal. 480, [40 Pac. 754].) The case of *Ex parte McCarthy,* 72 Cal. 384, [14 Pac. 96], relied on in this connection, where the complaint charged the matters contained in two of the subdivisions of the vagrancy section, was a *habeas corpus* proceeding, and inasmuch as the complaint did certainly state facts constituting a public offense within the jurisdiction of the court, it was not a nullity. In *People* v. *Gusti,* 113 Cal. 177, [45 Pac. 263], the defendant was charged with furnish-

ing and causing to be furnished intoxicating liquor to a certain Indian, the statute providing that "every person who sells or furnishes or causes to be sold or furnished intoxicating liquors to any habitual drunkard or to any Indian," shall be guilty of a misdemeanor.    Here, there was but one offense created, the giving of intoxicating liquor to any person within the classes named, and as the court well said: "If the defendant furnished the intoxicating liquor, he caused it to be furnished; and if he caused it to be furnished, he, in legal effect, furnished it himself."    *People* v. *Frank,* 28 Cal. 507, involved an indictment for forgery, and presents an application of the familiar rule that all of such acts specified in the statute on forgery, as "falsely making," "altering," "forging," "uttering," "publishing," "passing," etc., if committed with reference to the same instrument, constitute but one offense. So far as material here, *People* v. *Harrold,* 84 Cal. 567, [24 Pac. 106], simply held that an indictment for forgery charging that the defendant "did . . . falsely make, alter, forge and counterfeit" a certain bill of sale stated but one offense, following *People* v. *Frank,* 28 Cal. 507.    *People* v. *Gosset,* 93 Cal. 641, [29 Pac. 246], involved an indictment charging one with dealing, playing, carrying on, and conducting a game of faro, the statute providing, among other things, that "every person who deals, plays, or carries on or who conducts . . . any game of faro, shall be guilty," etc.    It was, of course, held that but one offense was charged, the principle applicable being the same as that involved in *People* v. *Frank,* 28 Cal. 507, and *People* v. *Harrold,* 84 Cal. 567, [24 Pac. 106].    If the indictment had charged these acts with relation to all, or even to any two of the games prohibited by section 330 of the Penal Code, a very different situation would have been presented.    In *People* v. *Corballis,* 86 App. Div. 531, [83 N. Y. Supp. 782], the indictment simply charged that the defendants did "engage, aid, assist and abet in pool-selling and selling pools upon the result of a trial and contest of speed and power of endurance of beasts, to wit: horses" on a specified day.    In *Estate of Prescott,* 33 N. H. 212, the offense consisted "in keeping a gaming house or place," and, consequently, an indictment charging that defendant kept a gaming house and suffered people to play for money, and that he kept a gambling place and suffered people to bet on the hands and

signs of the plays, was very properly held not to state two distinct offenses. We think that the distinction between all these cases and the case at bar is very clear.

There can be no question that such an indictment as the one before us is manifestly unfair to one accused of crime. It was said in *People* v. *Lee*, 107 Cal. 480, [40 Pac. 755], that while many offenses may now be charged in the strict language of the statute, a defendant is still entitled to be apprised with reasonable certainty of the nature and particulars of the crime charged against him, that he may prepare his defense, and upon acquittal or conviction, plead his jeopardy against further prosecution. And the court said: "Where, as under some of our statutes, several separate, different, and distinct acts are enumerated, the commission of each or any of which constitutes the crime, it is not sufficient to charge the defend.. ant with being guilty of the crime without further charging the commission of the particular act or acts upon which the crime is based. A person, for example, charged with vagrancy is of right entitled to know whether he is called upon to meet the charge as being a common drunkard, or as being a dissolute associate of known thieves, or as being a healthy beggar, in short, as belonging to what class, or as having habitually committed what act to lay him liable as a 'vagrom man.' So here the statute enumerates different acts, each one constituting a specific offense, though the same crime, and the defendant, to make his defense, is entitled to know what wrong it is charged he has done." So far as the indictment in the case at bar is concerned, the defendant was left in absolute ignorance as to which of the very many acts charged against him therein, he was called upon to defend. Whether it was proposed to attempt to show that he engaged in bookmaking or pool-selling, or that at some time prior to the finding of the indictment he at some place in San Francisco made a bet or wager on a horse race, or that he was the owner, etc., of certain designated premises and permitted others to use the same for certain prohibited purposes, he could not ascertain therefrom. The proof sufficient to warrant an indictment should certainly enable those presenting it to set forth with reasonable certainty the precise charge against the defendant.

We are satisfied that the trial court was warranted in concluding that many offenses were charged in the indictment,

and the indictment is not so drawn as to show that they all relate to the same act, transaction, or event, and may therefore be joined in one indictment or information (see Pen. Code, sec. 954). Where it is sought to charge in one indictment or information different offenses all relating to the same act, transaction, or event, as is now permitted by section 954 of the Penal Code, we are of the opinion that, under our practice where one of the grounds of demurrer provided by law is that more than one offense is charged except as provided in section 954 (Pen. Code, sec. 1004, subd. 3), the pleading should fairly show on its face that the offenses so charged do all relate to the same act, transaction, or event. We have practically said that this is necessary where, under the provisions of the same section, it is sought to make separate statements of the same offense, under separate counts (see *People* v. *Jailles*, 146 Cal. 301, [79 Pac. 965]). And, of course, the different offenses so charged should be stated, as expressly required by section 954 of the Penal Code, "under separate counts."

The judgment appealed from is affirmed.

Sloss, J., Lorigan, J., Shaw, J., Henshaw, J., and Melvin, J., concurred.