[L. A. No. 18528. In Bank. June 23, 1943.]

WILLIAM C. BEALMEAR, Appellant, v. SOUTHERN CALIFORNIA EDISON COMPANY LTD. (a Corporation) et al., Respondents.

Elbert E. Hensley and John H. Klenke for Appellant.

Roy V. Reppy, E. W. Cunningham and Rollin E. Woodbury for Respondents.

Earl Warren, Attorney General, T. G. Negrich and R. S. McLaughlin, Deputies Attorney General, as Amici Curiae on behalf of Respondents.

GIBSON, C. J.—This is an appeal from a judgment entered upon the granting of defendants' motion for nonsuit made at the close of the plaintiff's opening statement in an action for malicious prosecution. At the beginning of the trial, plaintiff stated he would prove the following facts: On May 14, 1938, plaintiff was arrested on a complaint filed by defendant Southern California Edison Company Ltd. which charged him with violating section 499a of the Penal Code by making or causing a connection to be made with an electric wire operated by the company, and using or causing such connection to be used in such manner as to consume electric current which did not pass through a meter for measuring and registering the same. Plaintiff was tried on this charge before a jury in the justice's court and found guilty. On appeal the judgment of conviction was reversed and the cause remanded for new trial. Thereafter the complaint was dismissed at the request of the district attorney and an amended complaint was filed which, in addition to repeating the averments contained in the original complaint, charged plaintiff with further violating section 499a by altering and procuring to be injured and altered an electric meter and using or causing the same to be used. Plaintiff was rearrested and again tried before a jury in the justice's court and upon plaintiff's motion a dismissal was entered because of "insufficiency of evidence to establish the charge." Plaintiff was thereupon discharged and no further criminal proceedings were taken against him.

The motion for nonsuit was made on the grounds "1. that there was no final and legal termination of the . . . criminal cause upon the amended complaint in favor of the plaintiff . . . 2. that . . . conviction on the original complaint . . . conclusively shows probable cause for the criminal prosecution under both the original and the amended complaints." The motion was granted on the first ground, but we find it unnecessary to determine the issue presented thereby because if we were to assume a favorable termination, the judgment of nonsuit would nevertheless have to be affirmed on the second ground. (See *Paul* v. *Layne & Bowler Corp.*, 9 Cal.2d 561 [71 P.2d 817].) ▮ An appellate court is concerned with the correctness of a trial court's action and not with the reasons assigned therefor. (2 Cal.Jur. 808, § 476, and authorities there collected.)

■ In an action to recover damages for malicious prosecution the plaintiff must prove that the proceedings complained of were prosecuted without probable cause. ( *McAfee* v. *Los Angeles Gas etc. Corp.*, 215 Cal. 219 [9 P.2d 212]; *Holliday* v. *Holliday*, 123 Cal. 26 [55 P. 703]; see cases cited in 16 Cal.Jur. 737, § 9.) ■ Conviction of a defendant is conclusive evidence, in the absence of fraud, of the existence of probable cause for the prosecution (*Roos* v. *Harris*, 203 Cal. 201 [263 P. 225]; see *Jaffe* v. *Stone*, 18 Cal.2d 146 [114 P.2d 335, 135 A.L.R. 775]; Prosser, Torts, P. 878), even though the conviction is reversed on appeal. (*Holliday* v. *Holliday*, *supra; Carpenter* v. *Sibley*, 153 Cal. 215 [94 P. 879, 126 Am. St.Rep. 77, 15 Ann.Cas. 484, 15 L.R.A. N.S. 1143]; *Eustace* v. *Dechter*, 53 Cal.App.2d 726 [128 P.2d 367]; *Norton* v. *John M. C. Marble Co.*, 30 Cal.App.2d 451 [86 P.2d 892]; *Bullock* v. *Morrison*, 118 Cal.App. 112 [4 P.2d 812]; see *Dowdell* v. *Carpy*, 129 Cal. 168 [61 P. 948]; *Black* v. *Knight*, 44 Cal. App. 756 [187 P. 89]; Rest., Torts, § 667.)

Plaintiff was convicted of violating section 499a and it is not claimed such conviction was procured by fraud. Plaintiff contends, however, that his conviction upon the original complaint does not constitute conclusive evidence that there was probable cause for the proceedings upon the amended complaint. He argues that section 499a creates four different crimes, and that although both the original and amended complaints charged a violation of the section, the former merely accused him of making or causing a connection to be made with an electric wire and using or causing the same to be used, while the latter also accused him of altering or procuring the alteration and injury of an electric meter and using or causing the same to be used.

■ Section 499a provides as follows: "Every person who shall willfully, and knowingly with intent to injure or defraud, make or cause to be made any connection . . . with any electric wire or . . . appliance . . . operated by any . . . corporation authorized to generate, transmit and sell electric current, or who shall so willfully and knowingly with intent to injure or defraud, use or cause to be used any such connection in such manner as to supply any electric current . . . to any . . . apparatus by or at which electric current . . . is consumed or otherwise used or wasted, without passing through a meter for the measuring and registering of the

quantity passing through such electric wire . . ., or who shall, knowingly and with like intent injure, alter or procure to be injured or altered any electric meter or obstruct its working, or procure the same to be tampered with or injured, or use or cause to be used any electric meter . . . so tampered with or injured, shall be deemed guilty of a misdemeanor.'' Contrary to plaintiff's contention, the statute does not define four or any other number of separate offenses. It defines a single offense and ''enumerates a series of acts, either of which separately, or all together, may constitute the offense.'' (*People* v. *Clemett,* 208 Cal. 142 [280 P. 681]; *People* v. *Twedt,* 1 Cal.2d 392 [35 P.2d 324]; *People* v. *McClennegen,* 195 Cal. 445 [234 P. 91]; *People* v. *Gusti,* 113 Cal. 177 [45 P. 263]; *People* v. *Thompson,* 111 Cal. 242 [43 P. 748]; *People* v. *Leyshon,* 108 Cal. 440 [41 P. 480]; *People* v. *Shotwell,* 27 Cal. 394; *People* v. *Kinsley,* 118 Cal.App. 593 [5 P. 2d 938]; *People* v. *Kuder,* 93 Cal.App. 42 [269 P. 198, 630].)

In the Clemett case, *supra,* the defendant was convicted under separate counts charging possession and operation of a still. This court reversed the conviction on the possession count, declaring (p. 144) that ''As early as *People* v. *Shotwell,* 27 Cal. 394, and *People* v. *Frank,* 28 Cal. 507, it was held that co-operative acts constituting but one offense when committed by the same person at the same time, when combined, charge but one crime and but one punishment can be inflicted as one offense. 'Where a statute makes two or more distinct acts connected with the same transaction indictable, each one of which may be considered as representing a stage in the same offense, it has in many cases been ruled they may be coupled in one count. Thus, setting up a gaming table, it has been said, may be an entire offense; keeping a gaming table and inducing others to bet upon it, may also constitute a distinct offense; for either, unconnected with the other, an indictment will lie. Yet when both are perpetrated by the same person, at the same time, they constitute but one offense, for which one count is sufficient, and for which but one penalty can be inflicted.' (Wharton on Criminal Law, approved in *People* v. *Shotwell,* 27 Cal. 394.) Again, in *People* v. *Frank,* 28 Cal. 507, it was said: 'The indictment is good whether it be regarded as containing two counts or but one. Where, in defining an offense, a statute

enumerates a series of acts, either of which separately, or all together, may constitute the offense, all such acts may be charged in a single count, for the reason that notwithstanding each act may by itself constitute the offense, all of them together do no more, and likewise constitute but one and the same offense.' ''

The same rule is announced in the Twedt case, *supra* (p. 398), where it was separately charged that defendant offered for sale, negotiated for the sale of and sold securities in violation of the Corporate Securities Act.

Under this rule the Criminal Syndicalism Act was held to embrace but one offense although the inhibited acts were in no way included in one another and the commission of each act required proof of facts additional to those involved in the others. (*People* v. *McClennegen,* 195 Cal. 445, 452 [234 P. 91].)

In *People* v. *Thompson, supra,* a statute penalizing such acts as throwing a switch, removing a rail, or placing any obstruction on any railroad with the intention of derailing any train, boarding a train with the intention of robbing the same, placing dynamite or other explosive material on any track with the intention of blowing up or derailing any train, and setting fire to any bridge or trestle with the intent of wrecking a train was in like manner construed to define but a single offense. The court stated that the whole tenor and purpose of the act is directed toward the suppression of train wrecking.

It is apparent from the terms of section 499a that it was intended to prevent the theft of electricity by the methods specified therein. In commenting on section 498 of the Penal Code which has to do with the theft of illuminating gas by a series of acts similar to those specified in section 499a involving the theft of electricity, this court remarked that ''The essence of the *offense* is the use of gas by any contrivance and under the circumstances denounced by the statute in such manner as to supply gas 'without passing through any meter provided for the measuring and registering of the quantity of gas' so used.'' (*McAfee* v. *Los Angeles Gas etc. Corp.,* 215 Cal. 219 [9 P.2d 212].) The fact that a technical name is not given to the offense is immaterial. (*People* v. *Thompson, supra.*) The four prohibited acts embraced in the single sentence composing section 499a are all

means by which the theft of electricity is accomplished or made possible. They are, in that sense, "cooperative acts." (See *People* v. *Shotwell, supra; People* v. *Frank,* 28 Cal. 507; *People* v. *Twedt, supra; People* v. *Clemett, supra.*) To be punishable, each act must be committed willfully and knowingly with the "intent to injure or defraud."

Various tests are applied in determining whether statutes are intended to create one or more offenses. The identity of intent fixed by the statute in the doing of all the prohibited acts is said to indicate a single offense. (*People* v. *Thompson, supra.*) Whether the indictable acts may be considered as representing a stage in the commission of the same offense is also a guide to construction. (Wharton on Criminal Law, cited with approval in *People* v. *Shotwell, supra; People* v. *Frank, supra; People* v. *Clemett, supra; People* v. *Twedt, supra.*) The considerations suggested by both tests to support the conclusion that a statute defines a single offense are found in section 499a. The charges preferred against plaintiff were based upon the same transaction, and clearly it was not the legislative intention to impose multiple penalties under the section where, as part of a single transaction, a person with intent to defraud commits any one or more of the several inhibited acts.

Our conclusion that the section enunciates a series of acts constituting but a single offense is not in conflict with the decision in *Matter of Roberts,* 157 Cal. 472 [108 P. 315], and *People* v. *Plath,* 166 Cal. 227 [135 P. 954], relied on by appellant. Those cases involved a construction of section 337a of the Penal Code, relating to gambling by pool-selling, book-making, bets, and wagers. After it was pointed out that section 337a covered such different acts as the making of a lease by the owner of property and the making of a bet between two individuals, it was properly held that several distinct offenses were described therein. The cited cases declare that the enumerated acts "are apparently as distinct and independent of each other as if they had been enacted in separate sections" (*Matter of Roberts, supra,* at p. 474), and "there is no necessary connection between them." (*People* v. *Plath, supra,* at p. 231). Thus, the very marked difference in the essential qualities of the prohibited acts required the conclusion that the Legislature intended to define separate and distinct offenses. The conclusion was fortified

in the Plath case by the fact that the Legislature had placed the inhibited acts in separate and distinct enumerated subdivisions. There is nothing in the nature of the acts specified in section 499a nor in the structure of the section, however, which necessitates such a conclusion here.

As stated above, the whole tenor and purpose of section 499a is directed against the theft of electricity and, in our opinion, the section states but one offense. ▮ It follows that the conviction of plaintiff on the original complaint charging a violation thereof conclusively established that there was probable cause for the prosecution and that the proceeding on the amended complaint was merely a retrial necessitated by the reversal of the conviction.

The judgment is affirmed.

Shenk, J., Curtis, J., Edmonds, J., Carter, J., Traynor, J., and Peters, J. pro tem., concurred.