## ZINN v. STATE.

### Opinion delivered November 30, 1908.

LIQUORS—SOLICITING ORDERS IN PROHIBITION TERRITORY.—Acts 1907, c. 135, prohibiting the soliciting or taking of orders for intoxicating liquors in prohibition territory "through agents, circulars, posters or newspaper advertisements," is a valid exercise of the police power of the State, and does not conflict with the power of Congress "to establish post offices and post roads," and to designate what shall be carried by and excluded from the United States mails.

Appeal from Perry Circuit Court; *Edward W. Winfield*, Judge; affirmed.

STATEMENT BY THE COURT.

The grand jury of Perry County, Arkansas, at the August term, 1908, returned the following indictment against appellant:

"The grand jury of Perry County, in the name and by the authority of the State of Arkansas, accuse Julius Zinn of the crime of soliciting orders for the sale of intoxicating liquors in prohibited territory, committed as follows, to-wit: The said Julius Zinn, in the county and State aforesaid, on the 25th day of July, 1908, did commit the offense of soliciting orders for intoxicating liquors in territory of this State, in which territory it would be unlawful to make sales of intoxicating liquors; the said Julius Zinn being a licensed liquor dealer in the city of Little Rock, county of Pulaski, and State of Arkansas, and being engaged in the sale of intoxicating liquors in said city of Little Rock; the said Julius Zinn did, on or about the 25th day of July, 1908, deposit for delivery in the United States mail a circular addressed to J. V. Ryan, at Perry, in Perry County, State of Arkansas, which said circular is in words and figures as follows, to-wit:

" 'To the public:. I beg to announce that I am now making a specialty of the jug liquor trade, and it shall be my aim to give the very best values for the money in order to hold my old friends and make new ones, with a view of doubling my present shipping business. I need no introduction in a large territory tributary to Little Rock, but, to people who read this circular, and who do not know my business methods, will say that it will be my earnest endeavor to give the very best goods possible for the money, and all I ask is one trial order, and I feel sure that you will be convinced that I mean what I say. In addition to a first-class line of bulk whiskies, gins, wines and alcohol, I handle a fine line of bottled in bond whiskies, and, should you feel interested, my price list will be mailed upon application. Hoping to receive your orders, I remain, yours truly, Julius Zinn, 225 West Fifth Street, Little Rock.'

"Which said circular was received by J. V. Ryan, at Perry, Arkansas, the said Perry, Arkansas, being in territory in the county of Perry in which the sale of intoxicating liquor is pro-

hibited, and in which territory it is unlawful to grant a license to make sales of intoxicating liquors, against the peace and dignity of the State of Arkansas."

The defendant demurred to the indictment on the ground that the facts therein stated did not constitute a public offense against the laws of Arkansas.

The demurrer was overruled, to. which the defendant excepted.

The case coming on for trial before a jury, the State introduced as a witness J. V. Ryan, who testified as follows: "I live at Perry, Arkansas. On the 27th of July, 1908, I received at the post-office at Perry an envelope addressed to me at that place. On opening it I found therein the following circular. (The circular was then read to the jury, and was just the same as the one described in the indictment.) The envelope was postmarked Little Rock, July 25, 1908. The circular came through the United States mail. The defendant told me he had mailed the circular at Little Rock, July 25, 1908. The circular was all print."

It was admitted that appellant is a licensed liquor dealer at Little Rock, Ark., and that it is unlawful to sell liquor at Perry, in Perry County, Arkansas. The appellant asked the following: "Even if you find from the evidence beyond a reasonable doubt that the defendant is a licensed liquor dealer in Little Rock, Pulaski County, Arkansas, where it is lawful to grant license to sell liquor, and that he did on July 25, 1908, in Little Rock, Ark., put the printed circular that has been introduced in evidence into an envelope and address this envelope to J. V. Ryan, in Perry, Ark., and place it in the post-office in Little Rock, and further find that said Ryan received the circular in Perry, Ark., through the mail, and that it is unlawful to grant license to sell liquor at Perry Ark., still the defendant in so doing violated no law, and you will find him not guilty." The court refused to grant the prayer, but gave the following instruction: "If the defendant sent the circular, he should be found guilty, although he may have sent it through the mail, if you find that it was unlawful to sell liquor at Perry, Arkansas, and Ryan received the envelope at Perry." The ap-

pellant excepted to the rulings of the court in refusing and granting prayers. The jury returned a verdict of guilty. Thereafter the defendant moved the court in arrest of judgment, on the ground that the facts stated in the indictment did not constitute an offense within the court's jurisdiction. The motion in arrest of judgment was overruled on the same day, to which the defendant excepted. Thereafter the defendant filed his motion for a new trial, which assigned as errors the rulings to which he excepted. The motion was overruled, and this appeal was taken.

*J. H. Harrod,* for appellant.

The language of the indictment charges nothing else than putting the circular in the mail. It is not within the power of a State Legislature to prescribe what shall or shall not be carried in the mails, for that power belongs exclusively to Congress. Art. 1, § 8, Const. U. S.; 6 Otto, 727; 1 Otto, 275; 5 Otto, 465.

*William F. Kirby,* Attorney General, and *Daniel Taylor,* Assistant, for appellee.

No Federal question involved. The act does not seek to regulate or interfere with the mails.

WOOD, J., (after stating the facts.) The statute under which appellant was indicted and convicted is as follows:

"Section 1. It shall be unlawful for any liquor dealer, firm or corporation engaged in the sale of intoxicating liquors in this State, to, in any manner, through agents, circulars, posters, or newspaper advertisements, solicit orders for such sales of intoxicating liquors in any territory of this State wherein it would be unlawful to grant a license to make such sales. Provided, that the term 'newspaper advertisement' as used in this section does not refer to liquor advertisements in papers published within licensed territory, unless said papers are sent into prohibition territory by the saloon-keepers or their agents for advertising purposes.

"Section 2. The presence of any such liquor dealer, firm or corporation, through agents or otherwise, in such prohibition territory, soliciting or receiving orders from any person therein, shall constitute a violation of this act, and on conviction thereof

shall be fined not less than $200 nor more than $500 for each such offense." Acts 1907, c. 135.

The statute is a valid exercise of the police power of the State, and does not conflict in any particular with the power of Congress "to establish post-offices and post roads" and to designate what shall be carried by and what excluded from the United States mails." Const. U. S., art. 1, § 8; Ex parte *Jackson*, 6 Otto, 727.

The statute does not relate to that subject at all. It simply prohibited the soliciting of orders for the sale of intoxicating liquors in territory where the sale of such liquors is prohibited. The gravamen of the offense is the soliciting of orders for the sale. It matters not how the circular for that purpose reaches the prohibited territory, and the statute does not undertake to designate or condemn the manner by which the circulars may be carried into or excluded from the prohibited territory. It is the presence of the circular there for the unlawful purpose of soliciting that the statute denounces and prohibits, not the method by which they may be conveyed there or distributed. Had the statute made the use of the United States mail for sending circulars into districts where the sale of intoxicating liquors is prohibited the crime, then the argument of the learned counsel for appellant would be sound. But as such is not the case his contention can not be sustained. The judgment of the circuit court is right.

Affirmed.