## STATE v. GEORGE DROPPO.[1]

June 12, 1914.

Nos. 18,604—(8).

**Intoxicating liquor — title of act — Constitution.**
1. Chapter 484, Laws 1913, prohibiting the soliciting of orders for the sale of intoxicating liquors within certain territory, is not unconstitutional within article 4, § 27, of the Constitution, because its subject is not expressed in its title.

**Same — freedom of contract.**
2. Said chapter is not unconstitutional upon the ground that the prohibition of soliciting of orders for the sale of intoxicating liquors is an unreasonable restraint upon the freedom or liberty of private contract.

Defendant was indicted by the grand jury of the crime of unlawfully taking and receiving an order for the sale of intoxicating liquor, in a village in which a majority of the votes at the last election was not in favor of license. Defendant's demurrer to the

[1] Reported in 147 N. W. 829.

Note.—On the question of the constitutional right to prohibit sale of intoxicating liquor, see note in 15 L.R.A.(N.S.) 908. And as to the power of a state to prohibit solicitation of orders for intoxicating liquors by mail sent from another state, see note in 36 L.R.A.(N.S.) 443.

indictment was overruled, Watts, J., who, at the request of defendant, certified to this court the two questions whose substance is given in the opinion. Case remanded, after answering the questions in the negative.

*Lyndon A. Smith,* Attorney General, *John C. Nethaway,* Assistant Attorney General, and *Eric O. Hagen,* County Attorney, for plaintiff.

*W. E. Rowe,* for defendant.

DIBELL, C.

The defendant was indicted for soliciting orders for the sale of intoxicating liquors in the village of Fertile, in Polk county, Minnesota, said village being a village in which a majority of the votes at the last election at which the question of license was voted was not in favor of license, contrary to the provisions of Laws 1913, p. 711, c. 484. The defendant demurred to the indictment. The demurrer was overruled.

Two questions were certified to this court pursuant to the statute:

(1) Is chapter 484, Laws 1913, unconstitutional within article 4, § 27, of the Constitution because the subject of the chapter is not expressed in its title?

(2) If not unconstitutional upon the ground stated, is it unconstitutional upon the ground that it is an unreasonable restraint upon the freedom and liberty of private contract?

1. Article 4, § 27, of the Constitution is as follows:

"No law shall embrace more than one subject, which shall be expressed in its title."

The title of chapter 484, p. 711, Laws 1913, is as follows:

"An act prohibiting the soliciting, taking or receiving, or the aiding therein, in the state of Minnesota, of certain orders for the sale or delivery of intoxicating liquor from any person or persons except such as have either a lawful license to sell intoxicating liquor in said state, or a current receipt for the United States tax for the sale of spirituous, or vinous malt or fermented liquor; prohibiting any sale of intoxicating liquor in connection with which such pro-

hibited order is filled in whole or in part, and providing a penalty for the violation thereof."

Section 1 of said chapter is as follows:

"It shall be unlawful for any person, directly or indirectly, to solicit, take or receive or aid in the soliciting, taking or receiving, either for himself or for any other person, firm or corporation, in any township, village or city in this state in which a majority of the votes at the last election, at which the question of license was voted, shall not have been in favor of license, an order for the sale of intoxicating liquors; or for any itinerant peddler to go from place to place within this state and expose for sale or sell such liquors, provided that nothing in this act shall be construed as modifying or repealing subdivision one of section 1533 of the Revised Laws of Minnesota for the year 1905."

Subdivision one of section 1533, referred to in the section just quoted, refers to the prohibition of the sale of intoxicating liquor in any town or municipality in which a majority of the votes at the last election at which the question of license was voted upon was not in favor of license, or within one-half mile of its limits, except that intoxicating liquor manufactured within such district may be sold to be consumed outside of it.

It is contended with some force on behalf of the defendant that the subject expressed in the title of the act drawn in question is the taking of orders for the sale of intoxicating liquors from others than those licensed to sell; and that the subject of the legislation is the prohibition of the taking of orders for intoxicating liquor within dry territory.

While this contention is plausible we reach the conclusion that it is not sound. The title of the act is broader than the legislation enacted under it. Under such title the soliciting of orders for the sale of intoxicating liquors from others than those licensed to sell or those having a current receipt for the United States tax, either in wet territory or dry territory, might be prohibited. The statute limits the prohibition to dry territory. The title is crude and clumsy; but it is not misleading, nor is it a cloak for inappropriate legisla-

tion. It substantially answers the purpose intended by the Constitution, which is not to require everything in the act to be indexed in the title, but to require the title to be sufficiently indicative of the actual legislation. We hold the title sufficient. State v. Standard Oil Co. 111 Minn. 85, 126 N. W. 527; State v. Cassidy, 22 Minn. 312, 21 Am. Rep. 765; State v. Madson, 43 Minn. 438, 45 N. W. 856; State v. Shevlin-Carpenter Co. 99 Minn. 158, 108 N. W. 935, 9 Ann. Cas. 634; State v. Board of Control, 85 Minn. 165, 88 N. W. 533.

2. We see in the statute no unreasonable restraint upon the freedom or liberty of private contract. The purpose of the act is to prevent the soliciting in dry territory of orders for the sale of intoxicating liquor. The statute is a police regulation and does not unreasonably interfere with the right of private contract. Since the Wilson act (Act of Aug. 8, 1890, c. 728, 26 St. 313 [U. S. Comp. St. 1901, p. 3177]) such statutes are sustained as against the claim that they are repugnant to the commerce clause of the Constitution. This question, together with the subject of the regulation of the sale of intoxicating liquors through the police power of the state, is discussed at length in Delamater v. South Dakota, 205 U. S. 93, 27 Sup. Ct. 447, 51 L. ed. 724, 10 Ann. Cas. 733. See also Rose v. State, 4 Ga. App. 588, 62 S. E. 117; Zinn v. State, 88 Ark. 273, 114 S. W. 227; State v. William J. Lemp Brewing Co. 79 Kan. 705, 102 Pac. 504, 29 L.R.A. (N.S.) 44. The principle is so settled that further discussion is without justification.

Both certified questions are answered in the negative.

The court was right in overruling the demurrer and the case is remanded for further proceedings.

Case remanded.