138 Cal.App.2d Supp. 909 (1955)
THE PEOPLE, Respondent,
v.
DAVID S. ALBERTS, Appellant.
California Court of Appeals. 
Dec. 29, 1955.
 C. Richard Maddox and Stanley Fleishman for Appellant.
 A. L. Wirin, as Amicus Curiae on behalf of Appellant.
 S. Ernest Roll, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Respondent.
 BISHOP, J.
 The defendant was convicted on two charges based on section 311 of the Penal Code: that he had lewdly kept for sale obscene and indecent books; and that he had lewdly written, composed, and published an advertisement of them. A new trial was denied, and a sentence (its terms not divulged) was imposed. The appeal is from the order and judgment.
 [1] Section 311, Penal Code, declares a large number of acts, if lewdly done, to be a misdemeanor. Subdivision 3 of the section alone lists some 19 of these acts, and in the first count of the complaint it was charged that the defendant had done all of them. Whatever may be said about the possibility that one who swears to such a complaint is guilty of perjury (for there was not the slightest proof that the defendant had committed most of the acts charged), and that a decent regard to fair play would dictate that some attempt be made to have the charge fit the known facts, it is not legal error to charge them all in one count. (See People v. McClennegen (1925), 195 Cal. 445, 452 [234 P. 91]; Bealmear v. Southern Calif. Edison Co. (1943), 22 Cal.2d 337, 340-343 [139 P.2d 20, 22-23]; People v. Rosenbloom (1931), 119 Cal.App.Supp. 759, 762 [2 P.2d 228, 230]; and People v. Allington (1951), 103 Cal.App.2d Supp. 911, 914-919 [229 P.2d 495, 497-500].)
 Two other facts support our conclusion that a reversal should not be had because of the shotgun character of pleading. [2] The first is, that even if it were error to charge the many acts with reference to many things, with no expectation of proving but a few of them, no attack was made upon the complaint by demurrer, as may now be done. (Pen. Code, 1004.) [3] Moreover, while the type of pleading being considered lends itself to an unfair prosecution, actually, in this case, the defendant was not prejudiced; he [138 Cal.App.2d Supp. 911] would have been no better off had the charge been simply that he kept obscene books for sale.
 [4] The words "obscene and indecent" as used in subdivision 3 of section 311, are not unconstitutionally indefinite. As early as 1896 the United States Supreme Court knew their meaning. (Swearingen v. United States (1896), 161 U.S. 446, 451 [16 S.Ct. 562, 40 L.Ed. 765, 766]), and a large number of cases since then have been decided on the theory that their meaning was not obscure. (See annos., 76 A.L.R. 1099, and People v. Wepplo (1947), 78 Cal.App.2d Supp. 959, 961 [178 P.2d 853, 855].) To be sure, it is not always easy to decide on which side of the line a book should be placed, but if a difficulty of that sort sufficed to condemn a statute, then we could not declare it to be a crime to drive while under the influence of liquor, or to induce a person to part with his property by a false pretense, or to kill with malice aforethought.
 [5] The circumstance that the defendant made use of the United States mails to advertise and to distribute his obscene wares--and that some of his books were obscene we do not consider debatable--does not render the state statute ( 311) inoperative. (See In re Phoedovius (1918), 177 Cal. 238, 246 [170 P. 412]; Zinn v. State (1908), 88 Ark. 273 [114 S.W. 227, 228]; Ex parte Williams (1940), 345 Mo. 1121 [139 S.W.2d 485, 491] (which cites In re Phoedovius, supra; cert. den. in U.S. Supreme Court, 311 U.S. 675 [61 S.Ct. 42, 85 L.Ed. 434]); Railway Mail Assn. v. Corsi (1945), 326 U.S. 88, 95 [65 S.Ct. 1483, 89 L.Ed. 2072, 2077].)
 We see no good purpose to be served by a discussion of either the evidence, which we find sufficient to support the judgment, or of the other contentions advanced.
 The order and judgment appealed from are affirmed.
 Shaw, P. J., and Swain, J., concurred.
 A petition for a rehearing was denied Jan. 12, 1956. The following opinion was rendered:
 THE COURT.
 In his petition for a rehearing, the defendant reveals that he shares a misunderstanding of the duty resting upon this department, with respect to the writing of opinions, that is so widely held that it calls for a comment. Referring to the pronounced silence in our opinion, [138 Cal.App.2d Supp. 912] on a proposition he had argued, the defendant stated: "a proper consideration for the parties and this Court's duty to declare the law would seem to require some comment on the question posed."
 Throughout the past 25 years, "this court" has recognized a duty "to declare the law" in only a very limited number of cases. [6] To begin with, the requirement of article VI, section 24, of the state Constitution, that "all decisions of the Supreme Court and of the district courts of appeal shall be given in writing, and the grounds of the decision shall be stated" obviously does not apply to us. Moreover, rule 6, of the rules adopted by the Judicial Council for the government of appellate departments, declares that "The judges of the Appellate Department shall not be required to write opinions in any cases decided by them, but may do so whenever they deem it advisable or in the public interest."
 We sympathize with the desire of counsel, who have earnestly argued a question, to have us explain how we arrived at an adverse answer. The number of cases that come before us is so great, however, that, as a rule, we cannot gratify the understandable desire of counsel, for writing an opinion often takes more time than arriving at it. Our system of conference, before and after the call of the calendar, reduces to near the vanishing point the danger of one-man decisions, or decisions made without considering the points and authorities advanced.
 Now and then a case comes before us involving a question that is little likely to be solved, at any early time, by either the Supreme Court or one of the District Courts of Appeal, but which will frequently reappear before the more than 80 municipal court judges whose judgments come to us on appeal. Examples readily come to mind: the unlawful detainer actions under the rent regulations; violations of a newly created offense punishable only as a misdemeanor. In this class of cases we recognize a duty "to declare the law." Even in such cases we feel under no duty to comment on every contention that may be made. We do not believe that we should follow practices that add unnecessarily to the number of lawbooks that the profession must buy and provide shelves to house.