[Crim. No. 4318. First Dist., Div. Three. Dec. 18, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. RANDOLPH JOHNSON, Defendant and Appellant.

Randolph Johnson, in pro. per., and Donald L. Tipton, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Albert W. Harris, Robert E. Murphy and Edward P. O'Brien, Deputy Attorneys General, for Plaintiff and Respondent.

DRAPER, P. J.—Charged with burglary (Pen. Code, § 459) and receiving stolen property (Pen. Code, § 496), defendant was found guilty by jury only of the second count. The burglary count was dismissed, he was sentenced on the receiving charge, and appeals.

Defendant was arrested when he attempted to sell a stolen watch in a pawnshop. His use of a fictitious name on the bill of sale form provided by the pawnbroker and his conflicting explanations of acquisition of the watch concededly support the verdict.

Defendant asserts that the verdict is fatally uncertain because the information's second count charged that he "did

receive" stolen property "knowing the same to have been stolen, and did conceal and withhold such property from the owner."

■ Concealing stolen property is not the same offense as receiving it (*People* v. *Feldman*, 171 Cal.App.2d 15, 24 [339 P.2d 888]; see also *People* v. *Scaggs*, 153 Cal.App.2d 339, 360 [314 P.2d 793]), even though both are defined by the same section (Pen. Code, § 496). ■ ■ We need not consider the question (see *People* v. *Frank*, 28 Cal. 507, 513; *Bealmear* v. *Southern Cal. Edison Co.*, 22 Cal.2d 337, 341-343 [139 P.2d 20]) whether the information is defective in alleging two offenses in a single count (Pen. Code, § 954). If the defect exists, it could be raised by demurrer (Pen. Code, § 1004), and failure to demur is a waiver of the objection (Pen. Code, § 1012). ■ No demurrer was filed here, and it follows that the issue may not now be raised (*People* v. *Kemp*, 55 Cal.2d 458, 474 [11 Cal.Rptr. 361, 359 P.2d 913]; *People* v. *Chadwick*, 4 Cal.App. 63, 71 [87 P. 384, 389]; *People* v. *Alberts*, 138 Cal.App.2d Supp. 909 [292 P.2d 90]).

■ Appellant argues, however, that the court erred in instructing only on the receiving element, and not upon concealing and withholding from the owner. But there is no conceivable prejudice in this omission. As instructed, the jury could find defendant guilty only if he received stolen goods then knowing them to be stolen. Addition of the omitted issue would but add another string to the prosecution bow, since it would permit defendant to be found guilty if, after receiving the goods, he learned they were stolen and still withheld them from the owner. The prosecution, rather than defendant, suffered by the omission.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.

A petition for a rehearing was denied January 10, 1964, and appellant's petition for a hearing by the Supreme Court was denied February 5, 1964.